```
                IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF OREGON

                            PORTLAND DIVISION


CHRISTOPHER MICHAEL POPE,              3:10-CV-06019-PK

            Plaintiff,                 ORDER

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

            Defendant.
```

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#30) on May 20, 2011, in which he recommends the Court grant the Commissioner's Motion (#25) to Remand and remand this matter for further proceedings consistent with the Findings and Recommendation.  Defendant filed timely Objections to the

1 - ORDER

Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

### I. Portions of the Findings and Recommendation to which Defendant objects.

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

Defendant objects only to that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court direct the Commissioner on remand to credit as true Plaintiff's testimony. Defendant contends the credit-as-true rule should not apply in this matter because there are "outstanding issues that must be resolved before a proper disability determination can be made," Plaintiff is not of "advanced age," and Plaintiff's claim has not been severely delayed.

### A. Whether to apply the credit-as-true rule is discretionary in this matter.

In *Varney v. Secretary of Health and Human Services (Varney II)*, the Ninth Circuit adopted a "credit-as-true" rule in Social Security cases in which an Administrative Law Judge (ALJ) failed to provide adequate justification for rejecting a

2 - ORDER

claimant's pain testimony.  859 F.2d 1396, 1398-99, 1401 (9th Cir. 1988).  The credit-as-true rule requires the Commissioner to accept as a matter of law a claimant's subjective testimony when there are not any outstanding issues to be resolved before a disability determination can be made and it is clear from the administrative record that benefits would be awarded if the claimant's testimony was credited.  *Id.* at 1401.

In *Vasquez v. Astrue* the Ninth Circuit noted a split of authority had developed within the Ninth Circuit since it had decided *Varney II* as to whether the credit-as-true rule is mandatory or discretionary when there are outstanding issues to be resolved before a disability determination can be made.  572 F.3d 586, 593 (9th Cir. 2009).  The court, however, did not resolve the split.

In *Luna v. Astrue* the Ninth Circuit concluded "applying the [credit-as-true] rule is not mandatory when, even if the evidence at issue is credited, there are 'outstanding issues that must be resolved before a proper disability determination can be made.'"  623 F.2d 1032, 1035 (9th Cir. 2010) (quoting *Vasquez*, 572 F.3d at 593).  *See also Beckstrom v. Astrue*, No. CIV 10-08123 PCT MEA, 2011 WL 1211669, at *17 (D. Ariz. Mar. 30, 2011)(same).

Accordingly, the Court concludes whether to apply the credit-as-true rule is discretionary in cases such as this in which there are outstanding issues that must be resolved before a

3 - ORDER

proper disability determination can be made.

    B.    **Analysis of the credit-as-true rule.**

In *Vasquez*, even though outstanding issues existed that had to be resolved before a proper disability determination could be made, the Ninth Circuit exercised its discretion and directed the Commissioner to credit the claimant's testimony as true because the Ninth Circuit found the claimant was of advanced age and she had already experienced a "severe" delay in her application. The Ninth Circuit concluded these factors justified the application of the credit-as-true rule even though the application of the rule would not result in an immediate award of benefits. 572 F.3d at 593 (citing *Hammock*, 879 F.2d at 503).

Here the Magistrate Judge recommended the Court exercise its discretion to direct the Commissioner to credit as true Plaintiff's testimony based on the fact that the ALJ failed to articulate proper reasons for discrediting Plaintiff's testimony and Plaintiff's claim is nearly five years old. The Magistrate Judge implicitly acknowledged Plaintiff is only 30 years old and, therefore, not a person of advanced age, but noted one other district court in the Ninth Circuit has applied the credit-as-true rule even when the claimant was not of advanced age. *See Ladner v. Astrue*, No. 2:09-cv-00253-PMP-LRL, 2010 WL 3118589, at *10 (D. Nev. June 30, 2010)(crediting the plaintiff's symptom testimony as true "in the interest of moving this nearly

six year old claim forward.").

In his Objections, Defendant asserts *Ladner* was wrongly decided because it is contrary to the limited exception to the general credit-as-true rule, and, therefore, the Court should not follow the reasoning in *Ladner*.

The Court notes although the *Ladner* court directed the Commissioner to apply the credit-as-true rule to a plaintiff who was not of advanced age, the majority of cases in which courts applied the credit-as-true rule when there were outstanding issues that had to be resolved before a proper disability determination could be made involved plaintiffs of advanced age whose claims had also been significantly delayed. *See, e.g.*, *Henry v. Astrue*, No. 10-CV-6052-KI, 2011 WL 1230152 (D. Or. Mar. 29, 2011); *Voravong v. Astrue*, No. 1:10-CV-0081 SKO, 2011 WL 284965 (E.D. Cal. Jan. 25, 2011); *Harpole v. Astrue*, No. CV 08-521-CWD, 2010 WL 743005, at *3 (D. Idaho Feb. 25, 2010); *Parrish v. Astrue*, No. 08-CV-969-HU, 2010 WL 55946 (D. Or. Jan. 4, 2010).

In addition, the *Ladner* court did not address the Ninth Circuit's reasoning in *Vasquez* that the credit-as-true rule was appropriately applied in that case because the claimant was of advanced age and had already experienced a "severe" delay in her application. The *Ladner* court merely noted a desire to "move along" the "nearly six year old claim." 2010 WL 3118589, at *10.

In contrast, in *Loveless v. Astrue* the Arizona District

5 - ORDER

Court analyzed *Vasquez* and declined to direct the Commissioner to credit as true the plaintiff's testimony on remand because the plaintiff was "not of an advanced age (she [was] 40 years old), and her application ha[d] not been pending for an extraordinarily lengthy period of time" (three years).  2010 WL 2720848, at *3 (D. Ariz. July 9, 2010).

Here the Plaintiff is younger than the plaintiff in *Loveless*, and this case has not been pending as long as the plaintiff's claim in *Ladner*.  The Court finds the facts here are more like those in *Loveless*.  Although the Court recognizes reasonable legal minds could differ as to whether the credit-as-true rule may properly be applied to the circumstances of this case, the Court, in the exercise of its discretion, declines to apply the credit-as-true rule because Plaintiff is not of advanced age and her application has not been "severely" delayed.  Accordingly, the Court declines to adopt that portion of the Findings and Recommendation in which the Magistrate Judge recommends the Court direct the Commissioner on remand to credit as true Plaintiff's testimony.

**II.  Portions of the Findings and Recommendations to which the government does not object.**

The government does not object to the remainder of the Findings and Recommendation.

When a party does not object to portions of a Magistrate

6 - ORDER

Judge's Findings and Recommendation, this Court is relieved of its obligation to review the record *de novo* as to those portions of the Findings and Recommendation. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*). See also *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). Having reviewed the legal principles *de novo* as to those portions of the Findings and Recommendation to which the government does not object, the Court does not find any error.

## CONCLUSION

The Court **ADOPTS in part** Magistrate Judge Papak's Findings and Recommendation (#30). Accordingly, the Court **GRANTS** the Commissioner's Motion (#25) to Remand and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

IT IS SO ORDERED.

DATED this 12th day of August, 2011.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

7 - ORDER