IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER M. POPE,                                3:10-cv-06019-PK

            Plaintiff,                        FINDINGS AND
                                              RECOMMENDATION

v.

COMMISSIONER of Social
Security,
            Defendant.

---

PAPAK, Magistrate Judge:

      This action was filed against defendant Michael A. Astrue, Commissioner of Social

Security, by plaintiff Christopher Pope on January 19, 2010. Pope sought review of the

Commissioner's decision finding him not disabled for purposes of entitlement to Disability

Insurance Benefits. In initial briefing, he argued that the matter should be remanded to the

Comissioner for an award of benefits. (#20.) In response, on February 4, 2011, the

Page 1 - FINDINGS AND RECOMMENDATION

Commissioner moved to remand the case for further proceedings, which Pope resisted. (#25.)
On May 20, 2011, I recommended that the Commissioner's decision be reversed and remanded
for further proceedings. (#30.)   On August 15, 2011, Judge Brown adopted my recommendation
in part, declining only to adopt my instruction that the ALJ credit Pope's testimony as true on
remand, and granted the Commissioner's motion to remand the matter for further proceedings.
(#39.)   Now before the court is Pope's contested motion for an award of attorney fees pursuant
to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 *et. seq.* (#41.)  The only dispute is
whether Pope is entitled to attorney fees for 10.3 hours his attorney worked after the
Commissioner filed his ultimately successful motion to remand for further proceedings.  I have
considered the parties' briefs and all of the evidence in the record.  For the reasons set forth
below, Pope's motion should be granted, and he should be awarded $7,753.46 in attorney fees.

## ANALYSIS

### I.    Plaintiff's Entitlement to Award of Attorney Fees and Costs

Pope seeks attorney fees pursuant to the Equal Access to Justice Act (EAJA).  The EAJA
provides that:

> a court shall award to a prevailing party other than the United States fees and
> other expenses, in addition to any costs awarded pursuant to subsection (a),
> incurred by that party in any civil action (other than cases sounding in tort),
> including proceedings for judicial review of agency action, brought by or against
> the United States in any court having jurisdiction of that action, unless the court
> finds that the position of the United States was substantially justified or that
> special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Moreover, the definition of a "party" eligible to seek fees under §
2412 includes, in relevant part, "an individual whose net worth did not exceed $2,000,000 at the
time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). Finally, a plaintiff who obtains a

Page 2 - FINDINGS AND RECOMMENDATION

remand order under sentence four of 42 U.S.C. § 405(g) must file an application for EAJA fees within thirty days of the expiration of the time for appeal of a final judgment. *Shalala v. Schaefer*, 509 U.S. 292, (1993). Where no "final judgment" has been formally entered following the remand order, however, "the time to file an EAJA petition has not run." *Holt v. Shalala*, 35 F.3d 376, 380 (9th Cir. 1994).

Here, it is undisputed that Pope falls within the scope of § 2412(d). First, Pope's motion is timely. Judgment was entered on August 15, 2011. The time for appeal by the Commissioner expired 60 days later, on October 14, 2011. *See* Fed. R. App. P. 4(a)(1)(B). Pope filed his motion for fees less than thirty days later, on October 21, 2011. (#41.) Second, the Commissioner tacitly concedes that Pope was the prevailing party and that the government's position was not substantially justified by failing to oppose Pope's motions on those grounds. Pope is therefore entitled under the EAJA to his attorney fees and costs reasonably incurred in connection with this action.

## II.    Attorney Fees

Courts begin their analysis of a reasonable attorney fee by calculating the "lodestar," which is the "number of hours expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-564 (1986). Here, Pope relied on the services of attorneys Brent Wells and Alan Graf. According to the time records submitted in support of Pope's petition, Wells expended 1.25 hours in 2009, Wells and Graf expended a combined 30.20 hours in 2010 and a combined 5.9 hours in the first half of 2011, and a legal assistant expended .8 hours. Graf also spent 6.15 hours in September and October 2011 on work pertaining to this EAJA fee petition. Pope requests that both attorneys be

compensated at an hourly rate of $174.24 for hours expended in 2009, $175.06 for hours

expended in 2010, $179.51 for hours expended in the first half of 2011, $182.15 for hours

occurring in September and October 2011, and $90.00 for hours expended by the legal assistant.

In total, Pope seeks an award of $7,753.46 in attorney fees.

### A.    Hours Reasonably Expended

"The district court has a great deal of discretion in determining the reasonableness of the

fee." *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). The fee claimant bears the

burden to demonstrate that the number of hours spent was reasonably necessary to the litigation

and that counsel made a "good faith effort to exclude from [the] fee request hours that are

excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434

(1983); *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989).

Moreover, the fee claimant must also "submit evidence supporting the hours worked . . . . Where

the documentation of hours is inadequate, the district court may reduce the award accordingly."

*Hensley*, 461 U.S. at 433.

The district court has an obligation to consider "'the relationship between the amount of

the fee awarded and the results obtained.'"*Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998)

(citing *Hensley v. Eckhart*, 461 U.S. 424, 437(1983)) (reversing the district court's award of

attorney fees for hours plaintiff spent pursuing an unsuccessful appeal seeking remand for award

of benefits after district court granted remand for further proceedings). Moreover, the EAJA

explicitly permits the court to reduce the amount awarded to the prevailing party to the extent

that the party "unduly and unreasonably protracted" the final resolution of the case. *Atkins*, 154

F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)). Therefore, attorney fee

request are properly denied for hours spent pursuing an appeal that does not contribute to "the favorable result achieved by the litigation" or "which results in no further benefit" to the prevailing party. *Atkins*, 154 F.3d at 988.

Here, the Commissioner contends that Pope should not be awarded fees for 10.3 attorney hours spent opposing the Commissioner's petition to remand for further proceedings in an attempt to secure a better resolution– remand for an award of benefits– because that time did not "materially advance" Pope's legal position. Pope counters that he did advance his case by refusing the Commissioner's offer of remand and continuing to litigate. Pope reasons that even though he did not ultimately secure an award of benefits, he won the benefit of a district court ruling that explicitly rejected various aspects of the ALJ's reasoning and therefore afforded him a tactical advantage on remand. I agree.

The aspects of this court's Findings and Recommendations that were adopted by the district court certainly provide Pope a benefit that he could not have received by acceding to the Commissioner's motion for remand. For example, the Commissioner proposed remand to address the "outstanding issue" of "the severity of Plaintiff's alleged insomnia and sleep problems, and the extent to which those conditions affect his functioning . . . ." (#25 at 7.) However, this court's Findings and Recommendation, adopted by Judge Brown, require the ALJ to "find Pope's insomnia to be a severe impairment and consider limitations imposed by that impairment in evaluating Pope's residual functional capacity." (#39 at 24.) Thus, Pope gained the certainty of a step two finding that his insomnia was severe, a result that he would not have been assured if he accepted remand on the Commissioner's terms. As another example, the Commissioner's proposed remand included no instructions for the ALJ to reconsider lay

Page 5 - FINDINGS AND RECOMMENDATION

testimony of Pope's mother, who described the severe functional effects of Pope's insomnia. By contrast, this court's Findings and Recommendation determined that the ALJ erred by implicitly disregarding that lay testimony without providing germane reasons for doing so, in essence requiring the ALJ to reassess that testimony. Again, by litigating this issue, Pope gained the benefit of the court's finding specifically invalidating the ALJ's cursory explanation for discrediting certain lay witness testimony. Pope's memorandum in support of his motion for fees highlights other of this court's findings that confer a tactical advantage for Pope upon remand, not the least of which is this court's explicit rejection of all three rationales posited by the ALJ for discrediting Pope's own testimony. (#42 at 3.)

Since Pope's continued litigation of this matter after the Commissioner offered to remand secured Pope a beneficial position before the ALJ on remand, the attorney time pursuing Pope's matter after that offer were reasonably expended. *See Atkins*, 154 F.3d at 988. Therefore, Pope should be entitled to compensation for all hours expended by his attorneys in the course of this litigation, as detailed in Pope's motion.

### B.    Reasonable Rate

Pursuant to the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Courts calculate "cost-of-living increases . . . by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ("CPI-U") for the years in which counsel's work was performed, and then dividing by the CPI-U figure for March 1996, the effective date of EAJA's $ 125 statutory rate." *Thangaraja v.*

*Gonzales*, 428 F.3d 870, 876-877 (9th Cir. 2005).

Here, as noted above, Pope seeks an hourly rate of $172.24 for attorney work performed in 2009, $175.06 for work performed in 2010, $179.51 for work performed in the first half of 2011, and $182.15 for work performed in September and October 2011. Pope does not seek any "special factor" increase in the statutory rate cap, but he does apparently seek adjustment based on increases in cost of living. I take judicial notice that the applicable statutory rate cap as adjusted for increases in cost of living is $172.24 in 2009, $175.06 in 2010, and $179.51 for the first half of 2011. Statutory Maximum Rates Under the Equal Access to Justice Act, *available at* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited December 28, 2011). The nationwide CPI-U is 226.889 for September 2011 and 155.7 for March 1996, resulting in $182.15 as the applicable statutory rate cap as adjusted for increases in cost of living through September 2011. Consumer Price Index Detailed Report Tables, U.S. Department of Labor, Bureau of Labor Statistics, *available at* http://www.bls.gov/cpi/tables.htm (last visited December 28, 2011). Because the adjusted rate caps either equal or exceed the rate that Pope has requested for attorney fees, the requested rates are necessarily reasonable for EAJA purposes. Additionally, I find the rate of $90.00 per hour for non-clerical legal assistant work to be reasonable. *See, e.g., Samuel v. Barnhart*, 316 F. Supp. 2d 768, 782 (E.D. Wis. 2004) (awarding EAJA fees of $85 per hour for paralegal time).

C.    **Calculation and Adjustment of the Lodestar Figure**

The product of 1.25 hours reasonably expended by Pope's counsel in 2009 and the requested hourly rate of $172.24, is $215.30  The product of 30.20 hours reasonably expended by Pope's counsel in 2010 and the requested hourly rate of $175.06, is $5,286.82. The product of

Page 7 - FINDINGS AND RECOMMENDATION

5.9 hours reasonably expended by Pope's counsel in the first half of 2011 and the requested

hourly rate of $179.51, is $1,059.10.  The product of 6.15 hours reasonably expended by Pope's

counsel in September and October 2011 and the requested hourly rate of $182.15 is $1,120.25.

The product of .8 hours reasonably expended by Pope's legal assistant and the hourly rate of

$90.00 is $72.00.  The sum of those amounts is $7,753.46.  Thus, the lodestar calculation results

in a total of $7,753.46 in attorney fees reasonably incurred in the course of this litigation.  I do

not find that adjustment of the lodestar figure is warranted here.  Therefore, Pope should be

awarded  $7,753.46 in attorney fees.

## CONCLUSION

For the reasons set forth above, Pope's motion (#41) should be granted, and the

Commissioner should be ordered pay Pope's attorney fees in the amount of $7,753.46.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation.  If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 29th day of December, 2011.

Honorable Paul Papak
United States Magistrate Judge