IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER M. POPE,

       Plaintiff,

                                      3:10-CV-06019-PK

                                      FINDINGS AND
     v.                           RECOMMENDATION

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

_____

PAPAK, Magistrate Judge:

       Plaintiff Christopher M. Pope filed this action against defendant Commissioner of Social

Security on January 19, 2010, seeking judicial review of the Commissioner's decision finding

him not disabled for purposes of entitlement to disability insurance benefits under Title II of the

Social Security Act.  On August 15, 2011, the district court issued an order granting the

Commissioner's motion to remand the matter back to the Agency for further proceedings.  Pope

Page 1 - FINDINGS AND RECOMMENDATION

moved for an award of attorney fees pursuant to the Equal Access to Justice Act (the "EAJA") on

October 21, 2011, and, on March 6, 2012, the district court granted the motion, authorizing an

award of fees to Pope pursuant to the EAJA in the amount of $7,753.46.  On April 17, 2012,

Pope filed a stipulated application for additional EAJA fees in the amount of $627.10, which was

granted on April 19, 2012.

Now before the court is Pope's unopposed motion (#52) for approval of payment to his

counsel of $30,852.50 out of his retroactive benefits award of $131,454.00 pursuant to 42 U.S.C.

§ 406(b).  I have considered the parties' briefs and all of the evidence in the record.  For the

reasons set forth below, Pope's motion should be granted.

## ANALYSIS

Pursuant to 42 U.S.C. § 406(b), Pope's counsel seeks the court's approval of payment to

him of attorney fees out of Pope's retroactive benefits award in the amount of $30,852.50, which

constitutes approximately 23.47% of Pope's retroactive benefits award of $131,454.00.[1]  Section

406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment

---

[1] In the memorandum in support of the motion for attorney fees, Pope's counsel states
that he is seeking "$30,852.50 (23% of the retroactive benefits, which is . . . specified in the
contract between the undersigned attorney and [Pope])."  Memorandum in Support of Motion for
Attorney Fees, #53, at 1 (emphasis omitted) (footnote omitted).  The contract to which Pope's
counsel refers, however, provides that he is entitled to 25% of any retroactive benefits award.
*See* Ex. 3, #53-3, at 2-3.  Adding further confusion is the fact that 23% of Pope's retroactive
benefits award is $30,234.42, not the $30,852.50 that Pope's counsel requests.  Although I am not
clear as to how Pope's counsel reached the $30,852.50 figure, it is less than the amount Pope's
counsel is entitled to under the contract and I shall assume that Pope's counsel's request is neither
a mathematical nor typographical error.

Page 2 - FINDINGS AND RECOMMENDATION

> a reasonable fee for such representation, not in excess of 25 percent
> of the total of the past-due benefits to which the claimant is entitled
> by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). By contrast with fees awarded pursuant to the EAJA, a fee-shifting

statute, Section 406(b) fees are paid out of the retroactive benefits awarded to the successful

Social Security claimant. *See id.* Counsel representing Social Security claimants may not seek

compensation from their clients for trial litigation other than through a Section 406(b) fee. *See*

*id.* In the event that both an EAJA fee is awarded and a Section 406(b) fee payment is approved,

the claimant's counsel must refund to the claimant the amount of the smaller of the two

payments. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Any Section 406(b) fee must

be approved by the court following analysis of its reasonableness before it may be paid. *See* 42

U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the Supreme Court established that the reasonableness of a Section 406(b)

contingency fee is not to be determined primarily by reference to the lodestar method, which

governs fee-shifting disputes. *See Gisbrecht*, 535 U.S. at 801-02. Instead, to the extent

contingency fee agreements do not provide for fees exceeding 25% of claimants' retroactive

benefits, their terms are fully enforceable subject only to the court's review "to assure that they

yield reasonable results in particular cases." *Id.* at 807. It is the claimant's counsel's burden to

establish the reasonableness of the calculated fee. *See id.*

In assessing the reasonableness of a Section 406(b) fee, courts look first to the

contingency fee agreement itself, and then may reduce the resulting award "based on the

character of the representation and the results the representative achieved." *Id.* at 808; *accord*

Page 3 - FINDINGS AND RECOMMENDATION

*Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc).  For example, a downward adjustment may be justified in situations in which the attorney was responsible for delay or in which "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808; *accord Crawford*, 586 F.3d at 1151.  To aid in assessing the proportionality of fees to the time the attorney spent on the case,

> the court may require the claimant's attorney to submit, not as a
> basis for satellite litigation, but as an aid to the court's assessment
> of the reasonableness of the fee yielded by the fee agreement, a
> record of the hours spent representing the claimant and a statement
> of the lawyer's normal hourly billing charge for noncontingent-fee
> cases.

*Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 741 (6th Cir. 1989) (en banc)); *accord Crawford*, 586 F.3d at 1151.

In *Crawford*, the Ninth Circuit applied the *Gisbrecht* reasonableness analysis in its review of consolidated appeals of three different actions in which district courts reduced Section 406(b) fees from the amounts requested.  586 F.3d at 1144, 1149.  In finding that the district courts erred in reducing the amounts requested, the Ninth Circuit first noted that, in each case, "the client signed a contract providing that the attorney would receive 25% of any past-due benefits." *Id.* at 1150.  The Ninth Circuit went on to find that "no reduction in fees due to substandard performance was warranted," there was no evidence of "dilatory conduct" on the part of the petitioning attorneys, and the requested amounts "were not excessively large in relation to the benefits achieved." *Id.* at 1151.  Accordingly, the Ninth Circuit concluded that the requested fees were reasonable under *Gisbrecht*. *Id.*

In this case, the Commissioner initially rejected Pope's application for disability insurance benefits, only to award him $131,454.00 in retroactive benefits following litigation. As in the cases reviewed by the *Crawford* and *Gisbrecht* courts, Pope entered into a contingency fee agreement with his counsel providing for payment of 25% of his retroactive benefits to his attorney and, in the instant motion, Pope's counsel has voluntarily reduced the requested fees to approximately 23.47% of Pope's retroactive benefits award. After considering the various factors discussed in *Gisbrecht* and *Crawford*, including the quality of Pope's attorney's performance, any delay in the proceedings attributable to Pope's attorney, and the proportionality of the benefits awarded to the amount of time Pope's attorney spent on the case, I find that the contingency fee agreement in place between Pope and his counsel is within the statutory limits provided in 42 U.S.C. § 406(b), and that the requested fee is reasonable. Counsel's motion for approval of Section 406(b) fees should therefore be granted.

## CONCLUSION

For the reasons set forth above, counsel's motion (#52) for Section 406(b) attorney fees should be granted and payment to Pope's counsel of $22,471.94—that is, $30,852.50 in fees pursuant to Section 406(b) minus $8,380.56 in fees already received pursuant to the EAJA—from Pope's award of retroactive disability insurance benefits should be approved.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

Page 5 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 15th day of May, 2014.

Honorable Paul Papak
United States Magistrate Judge